UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:19-cr-9-T-23SPF

GLENN FRANCIS
_____/

**ORDER**

On November 7, 2019, the Court found there to be reasonable grounds to believe Defendant Glenn Francis may presently suffer from a mental disease or defect rendering him mentally incompetent to proceed to trial. (Doc. 59). Consequently, the Court appointed Dr. Michael Maher to conduct an independent psychiatric examination of Mr. Glenn. Following the psychiatric examination, Dr. Maher filed a Forensic Psychiatric Evaluation. (Doc. S-62). Dr. Maher concluded that Mr. Francis is not competent to proceed to trial based on his findings that Mr. Francis <u>does not</u>: (1) appreciate the charges and allegations against him; (2) appreciate the range and nature of possible penalties; (3) understand the adversary nature of the legal process; and (4) have the capacity to disclose to his attorney pertinent facts regarding the proceedings at issue. (*Id.*).

Thereafter, the Court conducted a hearing on December 5, 2019, to determine the mental competency of Mr. Francis. 18 U.S.C. §§ 4241(c) and 4247(d). At the hearing, the parties stipulated to the admission of the Forensic Psychiatric Evaluation into evidence. The United States did not offer any additional evidence or testimony. Mr. Francis, against the advice of his attorney, elected to testify on his own behalf.

While Mr. Francis testified that he believed he is competent to proceed to trial, the Court found the substance of his testimony to indicate otherwise.

Based on the Court's independent review of the Forensic Psychiatric Evaluation and after considering Mr. Francis' testimony, the Court finds by a preponderance of the evidence that Mr. Francis is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. 18 U.S.C. § 4241(d). Accordingly, it is hereby

ORDERED:

1. Mr. Francis is committed to the custody of the Attorney General, who shall hospitalize Mr. Francis for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

2. Within four months of Mr. Francis' hospitalization, the director of the facility where Mr. Francis is hospitalized shall file a report with the Clerk of the Court indicating whether there is a substantial probability that in the foreseeable future Mr. Francis will attain the capacity to permit the proceedings to go forward. The director may request an additional reasonable period of commitment as authorized by 18 U.S.C. § 4241(d)(2).

3. If at any time the director of the facility in which Mr. Francis is hospitalized determines that he has attained the capacity to permit the proceedings to go

forward, the director shall promptly file a certificate to that effect with the Clerk of the Court.

**ORDERED** in Tampa, Florida on December 5, 2019.

/s/ Sean P. Flynn
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE